| 28 | 839 |
| 47 | 1274 |

## No. 651.

### E. L. STROTHER AND HUSBAND vs. GEORGE B. HAMLET, SHERIFF, ET AL.

It is apparent that the obligations sued on were obligations of the community, of which R. C. Strother was the master, and that the debt which arose therefrom was a community debt. The judgment should not, therefore, have been rendered against the wife individually, and she had no power to confess a judgment on a debt due by the community. If judgment was improperly rendered against her, and this court thinks it was, then the sheriff was not authorized to seize her property in order to satisfy it, and the injunction properly issued.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray*, J. Jury trial. *Cobb & Gunby*, for plaintiff and appellant. *R. W. & R. Richardson* and *Morrison & Farmer*, for defendants and appellees.

MORGAN, J.　Miltenberger & Co. and J. W. Murrell obtained judgment against Mrs. E. W. Warfield and Mrs. E. L. Strother, *in solido.*

Execution has issued against the property of Mrs. Warfield, who enjoined the sale thereof.　The execution issued against Mrs. E. L. Strother, and her property was seized.　She enjoins the sale on various grounds.

Defendants say that the matters which she sets up in support of her injunction should and could have been used as a defense to the suit out of which the execution issued, and that, as she did not do so, she is now precluded.　But this point has been differently decided in several cases, particularly in the case of Daney and Wife vs. Cobb & Co., 23 An. 323. We must therefore consider whether the judgment the execution of which is enjoined was properly rendered.　The judgment enjoined is a consent judgment, the confession of the plaintiff being authorized by her husband.　The defendant (here the plaintiff) was not authorized by her husband or by the judge to defend the suit.　Service of the petition was accepted by an attorney.

The suit was on two leases.　The first lease is signed "R. C. Strother for Mrs. E. W. Warfield."　The second is signed Eliza W. Warfield, Eliza L. Strother, R. C. Strother.　It is, it seems to us, apparent that the obligations sued on were obligations of the community, of which R. C. Strother was the master, and that the debt which arose therefrom was a community debt.　The judgment should not, therefore, have been rendered against her individually, and she had no power to confess a judgment on a debt due by the community.　If the judgment was improperly rendered against her, and we think it was, then the sheriff was not authorized to seize her property in order to satisfy it, and the injunction properly issued.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed, and that the injunction herein issued be reinstated and made perpetual, defendants to pay the costs.

Rehearing refused.